JAMES W. AND CARA M. LAMONT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lamont v. Commissioner
Docket. No. 3917-93
United States Tax Court
T.C. Memo 1993-469; 1993 Tax Ct. Memo LEXIS 481; 66 T.C.M. (CCH) 1011; October 12, 1993, Filed *481 An order will be entered granting respondent's motion. For petitioner: Roger C. Ohlrich. For respondent: Ruud L. Duvall. FAY
FAY
MEMORANDUM OPINION FAY, Judge : This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b) (4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether James W. and Cara M. Lamont (petitioners) filed their petition for redetermination with this Court within the time prescribed in section 6213(a). Background
On March 27, 1991, petitioners executed Form 2848-D (Tax Information Authorization *482 and Declaration of Representative) appointing their attorney, Roger C. Ohlrich (Ohlrich), as their representative for purposes of receiving tax information for the taxable years 1988 and 1989. Petitioners checked the box on Form 2848-D which directs the Internal Revenue Service to send to Ohlrich copies (as opposed to originals) of all notices and other written communications pertaining to the taxable years 1988 and 1989. On November 24, 1992, respondent mailed a deficiency notice to petitioners determining a deficiency in their joint Federal income tax for the taxable year 1989 in the amount of $ 14,093 and an addition to tax under section 6662(a) in the amount of $ 2,819. [2] On November 25, 1992, respondent mailed a copy of the deficiency notice to Ohlrich. (Although the copy of the notice was mailed to Ohlrich in a franked envelope, the envelope bears a U.S. Postal Service postmark date of November 25, 1992.) *483 Petitioners filed a petition for redetermination with this Court on Wednesday, February 24, 1993. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of February 23, 1993. [3]
Subsequent to the filing of the petition, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a). In particular, respondent contends that the statutory 90-day period expired on Monday, February 22, 1993, a day that was not a legal holiday in the District of Columbia. Given that the petition was placed in the mail on February 23, 1993, respondent concludes that we lack jurisdiction over this matter. Petitioners filed an objection to respondent's motion to dismiss asserting that the petition was timely filed from the date the copy of the deficiency notice was mailed to Ohlrich. In a response to petitioners' *484 objection, respondent maintains that the date that the original deficiency notice was mailed to petitioners is controlling. In respondent's view, the date that the copy of the deficiency notice was mailed to Ohlrich is irrelevant. In reply to respondent's response, petitioners contend in pertinent part that respondent made it a practice of sending original documents to Ohlrich and, thus, both petitioners and Ohlrich were entitled to rely on the postmark stamped on the envelope bearing the copy of the deficiency notice mailed to Ohlrich. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a) and (c); ; ; . Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes *485 if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); . The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Secs. 6213(a), 7502. As indicated, there is no question in the instant case that respondent mailed the deficiency notice to petitioners on November 24, 1992. Likewise, there is no question that the notice was mailed to petitioners' last known address. Consequently, it follows that the 90-day period for filing a petition with this Court expired on Monday, February 22, 1993, the day before petitioners mailed their petition. Petitioners nonetheless contend that the statutory 90-day period set forth in section 6213(a) should be measured from November 25, 1992, the date appearing on the envelope bearing the copy of the deficiency notice mailed to Ohlrich. We disagree. It is now well settled that copies of correspondence sent pursuant to a request in a power of attorney are a matter of courtesy and in no way affect the mailing requirements of section *486 6212. See ; . The mailing of copies of correspondence pursuant to a request in a power of attorney likewise does not affect the statutory 90-day period for filing a petition for redetermination under section 6213(a). In , the taxpayers executed a power of attorney directing the Commissioner to send copies of all correspondence for the pertinent period to their attorney. Later, the Commissioner mailed a deficiency notice to the taxpayers but failed to mail a copy of the notice to the taxpayers' attorney. We held that the Commissioner's failure to mail a copy of a notice of deficiency to taxpayers' counsel did not affect the time within which the taxpayers were otherwise required to file a petition, stating in pertinent part: In view of the express language of the statutory provisions relating to notices of deficiency and the filing of petitions with this Court, we are of the opinion that the failure of the respondent to *487 send a copy of the notice of deficiency to the taxpayers' counsel, pursuant to a request contained in a power of attorney filed with the respondent, does not affect the time within which the taxpayer must file a petition with this Court if a notice of deficiency has been sent to the taxpayer by registered mail to his last known address. * * * [.] We reached the same conclusion under similar circumstances in . With the foregoing in mind, it is evident that the deficiency notice mailed to petitioners on November 24, 1992, is valid and controlling with respect to the running of the 90-day period for filing a timely petition. Because petitioners did not mail their petition to the Court until February 23, 1993, we lack jurisdiction over this matter. Petitioners' argument can be interpreted as asserting that respondent is estopped to deny that the 90-day filing period did not begin to run until November 25, 1992. However, as a court of limited jurisdiction, we may not apply equitable principles, such as estoppel, to take jurisdiction *488 over a matter not authorized by statute. ; ; see . Accordingly, while the date appearing on the envelope bearing the copy of the deficiency notice mailed to Ohlrich may have influenced petitioners' actions, there is still no basis for creating jurisdiction where none otherwise exists. Sec. 7442; ; see . To reflect the foregoing, An order will be entered granting respondent's motion. Footnotes
1. All section references are to the Internal Revenue Code as amended unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners initially questioned whether the deficiency notice was mailed to them on Nov. 24, 1992. At the hearing on this matter held in Washington, D.C., on Sept. 8, 1993, respondent provided petitioners with a copy of respondent's Form 3877 (certified mail list) indicating that the deficiency notice was mailed on Nov. 24, 1992. Petitioners now concede the point.↩
3. At the time their petition was filed herein, petitioners resided at Arlington, Virginia.↩